UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL CHRISTOPHER MARION, JR.     CIVIL ACTION

VERSUS     NO. 10-974

ORLEANS PARISH PRISON ET AL.     SECTION "S" (2)

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Daniel Christopher Marion, Jr., was an inmate incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff filed suit pursuant to 42 U.S.C. § 1983, alleging "habitual illegal use of tobacco by employees inside [the] jail facilities" where he was confined. The complaint seeks $500,000.00 in monetary damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated April 15, 2010, Record Doc. No. 4, the court required Marion to file on or before May 14, 2010 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. A review of the record indicates that this

order was mailed to plaintiff at the address at OPP indicated on the envelope in which he mailed his complaint to the court. However, no response from plaintiff has been received.

Because plaintiff did not respond to the court's April 15, 2010 order, staff of the undersigned magistrate judge inquired and were advised by OPP personnel that plaintiff was released from incarceration on May 7, 2010, and left no forwarding address. However, a review of the court's record revealed that plaintiff had included an alternative address at 1270 Main Street, Haverhill, Massachusetts 01830, in his original complaint. Record Doc. No. 1, Complaint at ¶ III. Accordingly, by order dated May 19, 2010, plaintiff was granted until June 9, 2010 to respond to the court's previous order requiring him to file a statement of facts and a list of witnesses and exhibits. Plaintiff was further advised that it is his responsibility to keep the court advised of any address change, Local Rules 11.1E and 41.3.1E, and that failure to comply with the orders of this court might result in dismissal of this action. The record reflects that this order was mailed to plaintiff at the Haverhill, Massachusetts, alternative address listed in plaintiff's complaint. This order has <u>not</u> been returned to the court, and no response from plaintiff has been received. Record Doc. No. 13.

<u>Some</u> mail addressed to plaintiff has been returned to the court. Record Doc. No. 12. However, all litigants are obligated to keep the court advised of any address

change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated March 18, 2010, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D.

Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's April 15 and May 19, 2010 orders, coupled with his failure to keep the court apprised of his address changes, if any, clearly reflect a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New

Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Daniel Christopher Marion, Jr., be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___17th___ day of June, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE